IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 APR -3 PM 1:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 03 1997

```
AUTO OWNERS INSURANCE COMPANY,    )
an insurance company incorporated )
in the state of Michigan,         )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   CIVIL ACTION NO. 96-G-0335-S
                                  )
DAVID BLUMENTHAL, an individual;  )
BRUCE McGRAW, an individual;      )
DELLIA McGRAW, an individual,     )
                                  )
          Defendants.             )
```

MEMORANDUM OPINION

Defendant David Blumenthal is vice president of Diamond Rubber Products Company, Inc. [hereinafter Diamond] located in Birmingham, Alabama. As vice president of Diamond Mr. Blumenthal acts generally as the plant manager or vice president of operations. In his capacity of vice president he oversees equipment in the plant. Included within his area of supervision is the machine which injured Bruce McGraw in a March 16, 1995, work-related accident. As a result of that injury Mr. Blumenthal is a named defendant in *Bruce and Dellia McGraw v. Eagle-Pitcher Industries. Inc., et al.*, CV-95-3557, filed in the Circuit Court of Jefferson County, Alabama, said complaint alleging that Mr. Blumenthal intentionally removed a safety guard or safety device from the machine. Removal of the device caused the injury to Mr.

17

McGraw who was not warned of the dangers associated with the use of the machine without the safety guard. There is no evidence in the record reflecting that Blumenthal subjectively expected or intended harm to McGraw.

Blumenthal's employer Diamond was covered by a commercial general liability policy, policy no. 864617 2035614, and a commercial umbrella policy, policy number 872112 20492553, issued by Auto-Owners Insurance Company [hereinafter Auto-Owners]. Both policies were in effect at the time of the accident, covering the period from February 25, 1995, to February 25, 1996. DRP Company, Inc. [Diamond] was the named insured, as were its employees (SECTION II--WHO IS AN INSURED, 2.a). Specifically insured, too, were its officers. "Your executive officers ... are insureds, but only with respect to their duties as your officers." SECTION II--WHO IS AN INSURED, 1.c. The insureds under the commercial umbrella policy are the same.

The commercial liability form specifically excluded the following:

> This insurance does not apply to:
> a.   "Bodily injury" or "property damage" expected or **intended** from the standpoint of the insured (emphasis added). ...

SECTION I-COVERAGES, A. 2. a.

Auto-Owners is presently defending Blumenthal against the underlying claims under reservation of rights.

On February 14, 1996, plaintiff Auto-Owners filed a declaratory judgment action in this court against David

2

Blumenthal and Bruce and Dellia McGraw, asking the court to determine that it does not owe a defense or indemnity to Blumenthal for the claims alleged in the underlying complaint filed by the McGraws. Auto-Owners maintains that pursuant to the policy language, SECTION I-COVERAGES, A. 2. a. quoted above, it does not provide coverage for any damages caused by an **expected** or **intentional** act, i.e., Blumenthal's removal of the safety device.

Generally an employee's claims against his employer for an on-the-job injury are barred by the exclusive provisions of the Alabama Workers' Compensation Act. Ala. Code § 25-5-52 (1992). Under Ala. Code 25-5-11 (1992) a plaintiff can recover, however, for "intentional acts" if the requisite "intent" is present.

In *Haisten v. Audubon Indem. Co.*, 642 So. 2d 404 (Ala. 1994), the Alabama Supreme Court addressed a similar situation. In *Haisten* a widow brought suit against the owner of the construction company which had employed her deceased husband and project engineer alleging that the owner had willfully removed the safety device from the trench, resulting in her husband's death. In reversing the trial court's holding of no coverage the court said the following:

> This court has consistently interpreted insurance exclusions phrased exactly like the one at issue here, excluding coverage for injuries "expected or intended from the standpoint of the insured," as requiring a subjective analysis of what the insured expected or intended.

3

> "Under this subjective test, an injury is
> `intended from the standpoint of the insured' if
> the insured possessed the specific intent to cause
> bodily injury to another, whereas an injury is
> `expected from the standpoint of the insured' if
> the insured subjectively possessed a high degree
> of certainty that bodily injury to another would
> result from his or her act."

*Haisten*, 642 So. 2d at 406.

Following a discussion of various sections of Ala. Code § 25-5-11 (1992)[1] the *Haisten* court proceeded by saying the following:

> Under either of these provisions,[2] the offending employee could subjectively believe that the safety device or rule was ineffectual or unnecessary and that no harm would come from the removal of the device or from the violation of the rule,[3] and yet be liable under an objective standard. In such a case, the exclusion of injuries "expected or intended from the standpoint of the insured" would not exclude coverage.

642 So. 2d at 407.

There is nothing in the record to indicate that plaintiffs' allegation of Blumenthal's willful conduct is anything other than that. Absence of evidence to the effect that Blumenthal subjectively knew that injury would result from the removal of the safety guard precludes Auto-Owners from excluding coverage.

---

[1] § 25-5-11. **Actions against third parties jointly liable with employers for injuries or death; actions for injury or death resulting rom willful conduct; attorney's fees in settlements with third parties.**

[2] Definitions of "willful conduct."

[3] Willful and intentional violation of a specific written safety rule of the employer after written notice to the violating employee.

4

Having determined that SECTION I-COVERAGES, A. 2. a. of the Diamond/Auto-Owners policy (pertaining to expected or intentional acts) does not exclude coverage, it is necessary to determine if Blumenthal is covered as an officer performing his duties pursuant to SECTION II--WHO IS AN INSURED, 1.c. Blumenthal, as vice president of a small company, does all kinds of things. He works on the floor in performing his duties as vice president. Employees naturally follow his directions and do what they are told. Indications are that all believed that the machine could be operated safely without the guard. Removal of the safety guard was not intended to cause injury. By policy definition vice president Blumenthal is covered: "Your executive officers ... are insureds, but only with respect to their duties as your officers." Diamond's coverage relates to Blumenthal's duties as a company officer. Auto-Owners is liable to Diamond under the policy issued.

Furthermore, there is no merit to Auto-Owners' argument that public policy prohibits insuring the type conduct which permits the award of punitive damages. *Capital Motor Lines v. Loring*, 238 Ala. 260, 189 So. 897 (1939) ("The damages are not imposed to punish the indemnitor, and its liability to pay such damages arises out of its voluntary obligation to pay the judgment rendered against said indemnitee." ); *American Fidelity & Casualty Co. v. Werfel,* 230 Ala. 552, 162 So. 103 (1935) (Recovery of punitive damages under the policy allowed.).

Summary judgment is due David Blumenthal as a matter of law. Since the other defendants are not necessary parties to this action final judgment is being entered. Auto-Owners is liable to Diamond and Blumenthal as its insureds to defend and/or indemnify Blumenthal for the claims alleged in the underlying complaint filed by Bruce and Dellia McGraw.

An order consistent with this opinion is being entered contemporaneously.

DONE and ORDERED this 3rd day of April 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.